UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| Bilgin Şaşmaz, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.   4:14-cv-1901 |
|  | ) |  |
| County of St. Louis, Missouri, and | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
| John Doe, a St. Louis County police officer, | ) |  |
| in his individual capacity, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

### COMPLAINT

*Introduction*

1. In this civil rights action under 42 U.S.C. § 1983, Plaintiff, Bilgin Şaşmaz, seeks judgment against Defendant John Doe for violation of his rights under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States; violation of the Privacy Protection Act; violation of his rights under the Missouri Constitution; battery; and conversion. Şaşmaz also seeks judgment against Defendant County of St. Louis for its failure to train and supervise Defendant Doe.

*Jurisdiction and Venue*

2. This action arises under the Constitution of the United States, the provisions of 42 U.S.C. § 1983, and Missouri law.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in St. Louis County, Missouri.

6. Venue is proper in the Eastern Division pursuant to E.D. Mo. L.R. 2.07(A)(1).

*Parties*

7. Plaintiff, Bilgin Şaşmaz, is a journalist with the Turkish Anadolu Agency.

8. Defendant John Doe, whose name is not known to Plaintiff, was a police officer with the County of St. Louis Police Department at all times relevant to this complaint. On or about August 19 and 20, 2014, Doe encountered Plaintiff and interacted with him as described in this complaint. Doe is sued in his individual capacity only.

9. Defendant St. Louis County is a municipal corporation duly organized under the laws of the State of Missouri.

10. Defendants acted under color of state law at all times relevant to this complaint.

*Facts*

11. Plaintiff was in Ferguson, Missouri, on August 19 and 20, 2014.

12. At all times relevant to this complaint, Plaintiff was employed as a photographer by the Turkish News Agency Anadolu, and traveled to Ferguson, Missouri, to report on the protests after the killing of Michael Brown.

13. Plaintiff was taking photographs of the protest activities on the evening of August 19, 2014.

14. Plaintiff was photographing Ray Albers, a St. Ann police officer, pointing his weapon at protestors and yelling that he was going to kill them.

15. Plaintiff followed Albers and continued to report on his actions.

16. Plaintiff continued reporting on the protests while in a large group of people, alongside numerous other reporters who were also taking photographs and videos of the protest activities.

17. Defendant St. Louis County's officers told Plaintiff to step back onto the sidewalk, at which time Plaintiff was shoved by an officer.

18. Plaintiff moved onto the sidewalk.

19. Plaintiff continued to take photographs and report on the protest activities.

20. Defendant John Doe grabbed Plaintiff, without warning, and threw him to the ground.

21. Defendant John Doe pushed Plaintiff's face and body violently into the pavement.

22. Defendant John Doe pinned Plaintiff to the pavement and handcuffed him.

23. While Defendant John Doe was handcuffing and arresting Plaintiff, Plaintiff stated repeatedly, "Press, Press," in an attempt to inform Defendant John Doe that he was a member of the media.

24. Plaintiff was arrested at 12:01 a.m. on August 20, 2014.

25. As Plaintiff was thrown to the ground by Defendant John Doe, Plaintiff's press credentials were ripped from his neck.

26. Plaintiff's and his camera, flash, and lens were damaged.

27. As Plaintiff was pulled to his feet after being handcuffed, a large lens was damaged when it dislodged from the bag strapped to his torso.

28. Many of Plaintiff's colleagues witnessed his arrest, and they photographed and recorded the incident.

29. When Plaintiff was arrested, numerous other reporters were standing in the same area as Plaintiff while taking photographs and videos of the protest activities.

30. Plaintiff was not any closer to the protestors, or the interactions between police and protestors, than any other member of the media, including other photographers.

31. Plaintiff is of Middle Eastern descent.

32. Many Caucasian reporters and photographers reporting on the protests alongside Plaintiff were not arrested.

33. After his arrest, Plaintiff was detained overnight and released on August 20, 2014.

34. Defendant John Doe arrested Plaintiff for an alleged "Refusal to Disperse" in violation of Missouri Revised Statute § 574.060.

35. Missouri Revised Statute § 574.060 provides that:

> A person commits the crime of refusal to disperse if, being present at the scene of an unlawful assembly, or at the scene of a riot, he knowingly fails or refuses to obey the lawful command of a law enforcement officer to depart from the scene of such unlawful assembly or riot.

36. Defendant John Doe lacked probable cause to arrest Plaintiff.

37. No reasonable officer would have believed that Defendant John Doe had probable cause to arrest Plaintiff.

### COUNT I
*42 U.S.C. § 1983 - First Amendment*
*Against Defendant John Doe*

38. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

39. Defendant John Doe violated Plaintiff's rights under the First Amendment to freedom of the press and freedom of speech by interfering with plaintiff's ability to gather information and cover a matter of public interest as a member of the media.

40. Observing and recording public protests, and the police response to those protests, is a legitimate means of gathering information for public dissemination that is protected by the freedom of speech and freedom of the press clauses of the First Amendment, as applied to the states under the Fourteenth Amendment to the United States Constitution.

41. Defendant John Doe engaged in these unlawful actions willfully and knowingly, acting with reckless or deliberate indifference to Plaintiff's First Amendment rights.

42. As a direct and proximate result of Defendant John Doe's unlawful actions, Plaintiff suffered physical harm, emotional pain and suffering, and loss of property.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant John Doe;

    B. Award Plaintiff compensatory damages against Defendant John Doe for violation of Plaintiff's constitutional rights under color of law;

    C. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

**COUNT II**
*42 U.S.C. § 1983 - Fourth Amendment*
*Search and Seizure*
*Against Defendant John Doe*

43. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

44. Plaintiff has a right under the Fourth Amendment to be free from unreasonable searches and seizures.

45. Defendant John Doe violated Plaintiff's clearly established right to be free from unlawful searches and seizures when he arrested Plaintiff, used excessive force, seized his camera

and film, and detained Plaintiff, all without probable cause to believe that Plaintiff had engaged in criminal activity or committed any crime.

46. Defendant John Doe engaged in these actions willfully and knowingly, acting with deliberate indifference to Plaintiff's Fourth Amendment rights.

47. As a direct and proximate cause of Defendant John Doe's unlawful actions, Plaintiff suffered physical harm, emotional pain and suffering, and loss of property.

WHEREFORE, Plaintiff prays this Court:

A. Enter judgment in favor of Plaintiff and against Defendant John Doe;

B. Award Plaintiff compensatory damages against Defendant John Doe for violation of Plaintiff's constitutional rights under color of law;

C. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

D. Allow such other and further relief as the Court deems just and proper.

**COUNT III**
*42 U.S.C. § 1983 - Fourteenth Amendment*
*Equal Protection*
*Against Defendant John Doe*

48. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

49. Plaintiff has a right under the Fourteenth Amendment to equal protection of the laws.

50. As an alien and racial minority, Plaintiff is a member of a protected class.

51. Upon information and belief, Defendant John Doe acted pretextually, with racial motivation and without reasonable suspicion or probable cause, when he arrested, searched, and detained Plaintiff.

52. By purposefully arresting, searching, and detaining Plaintiff and subjecting him to different and injurious treatment because of his race and alienage, Defendant John Doe deprived Plaintiff of equal protection of the law within the meaning of the Fourteenth Amendment to the United States Constitution and, thereby, his rights under the Fourteenth Amendment.

53. As a direct and proximate cause of Defendant John Doe's unlawful actions, Plaintiff suffered physical harm, emotional pain and suffering, and loss of property.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant John Doe;

    B. Award Plaintiff compensatory damages against Defendant John Doe for violation of Plaintiff's constitutional rights under color of law;

    C. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

**COUNT IV**
*42 U.S.C. § 2000aa - Privacy Protection Act*
*Against Defendant John Doe*

54. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

55. After arresting Plaintiff, Defendant John Doe seized Plaintiff's film.

56. Plaintiff's film was work product material related to his employment as a journalist.

57. As a journalist, Plaintiff has a purpose to disseminate to the public online and wire-service media.

58. Plaintiff works for a foreign news agency, and dissemination of his work involves and affects interstate and foreign commerce.

59. There was not probable cause to believe that Plaintiff had committed or was committing any crime.

60. There was no reason to believe that the immediate seizure of Plaintiff's film was necessary to prevent the death of, or serious injury to, a human being.

61. As a direct and proximate result of the seizure of Plaintiff's camera and film by Defendant John Doe, Plaintiff suffered actual damages, including the loss of licensing fees from his inability to license time-sensitive footage to news organizations.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant John Doe;

    B. Award Plaintiff compensatory damages against Defendant John Doe for violation of the Privacy Protection Act;

    C. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000aa-6 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

**COUNT V**
*42 U.S.C. § 1983 - Failure to Supervise and Train*
*Against Defendant St. Louis County*

62. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

63. Prior to August 20, 2014, Defendant St. Louis County developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in Ferguson, which caused the violation of Plaintiff's rights.

64. At the time of Plaintiff's arrest, it was the St. Louis County Police Department's custom or policy to obstruct or prevent members of the media from recording protests in public locations and the police response to such protests, in violation of the First and Fourteenth Amendments.

65. At all times relevant to this complaint, Defendant St. Louis County was aware that Defendant John Doe was inadequately trained regarding the First Amendment; nevertheless, Defendant St. Louis County maintained a custom or policy of failing to provide its police officers training or adequate supervision on the First Amendment.

66. It was the custom or policy of Defendant St. Louis County to inadequately supervise and train its police officers, thereby failing to prevent the constitutional violations against Plaintiff.

67. Defendant St. Louis County's customs and policies demonstrate deliberate indifference to the constitutional rights of persons within St. Louis County and caused the violation of Plaintiff's rights alleged herein.

68. Plaintiff intends to continue his career as a professional journalist photographing and reporting on newsworthy protests from public locations, including activities in St. Louis County, but fears further obstruction, harassment, and detention by Defendant St. Louis County's police officers. That fear makes it more difficult for him to gather news for dissemination to the public and interferes with him doing his job effectively.

69. As a direct and proximate result of Defendant St. Louis County's customs and policies, Plaintiff sustained damages.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant St. Louis County;

B. Issue an injunction requiring Defendant St. Louis County to develop and implement adequate training programs for its police officers about individuals' rights under the First and Fourteenth Amendments;

C. Award Plaintiff compensatory damages against Defendant St. Louis County for its violation of Plaintiff's constitutional rights under color of state law;

D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E. Allow such other and further relief as the Court deems just and proper.

**COUNT VI**
*State Law Claim - Declaratory Judgment*
*Against Defendants John Doe and County of St. Louis*

70. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

71. By reason of their conduct, Defendant John Doe and Defendant St. Louis County deprived Plaintiff of his rights to freedom of speech under Article I, Section 8, of the Missouri Constitution and to freedom from arrest without probable cause under Article I, Section 15, of the Missouri Constitution.

72. Defendant John Doe acted with reckless and callous indifference to Plaintiff's rights under Article I, Sections 8 and 15, of the Missouri State Constitution.

73. The unconstitutional policies and customs of Defendant County of St. Louis were the moving force behind Defendant John Doe's violation of Plaintiff's state constitutional rights on August 20, 2014.

74. As a direct and proximate result of Defendant John Doe's actions, Plaintiff sustained damages, including physical, psychological, and professional injuries.

WHEREFORE, Plaintiff prays this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award Plaintiff compensatory damages against Defendants John Doe and County of St. Louis County for their violation of Plaintiff's state constitutional rights;

C. Award Plaintiff punitive damages against Defendants Doe and St. County for their violation of Plaintiff's state constitutional rights;

D. Award Plaintiff reasonable attorneys' fees and costs; and

E. Allow such other and further relief as the Court deems just and proper.

## COUNT VII
*State Law Claim - False Imprisonment*
*Against Defendants John Doe and County of St. Louis*

75. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

76. Defendant John Doe knowingly restrained Plaintiff against his will and without legal justification.

77. Plaintiff was confined overnight, and his confinement was caused by Defendant John Doe.

78. Defendant John Doe intended to cause a confinement of Plaintiff.

79. Plaintiff was aware of his confinement by Defendant John Doe.

80. At all times relevant to this complaint, Defendant John Doe was acting within the scope and course of his employment with Defendant St. Louis County, and his actions were approved, consented to, and ratified by superior officers of the St. Louis County Police Department acting within the scope of their employment.

81. Defendant John Doe's actions were a direct and proximate cause of the injury and harm suffered by Plaintiff.

WHEREFORE, Plaintiff prays this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award Plaintiff compensatory damages against Defendants John Doe and St. Louis;

C. Award Plaintiff punitive damages against Defendants John Doe and St. Louis County for false imprisonment of Plaintiff;

D. Award Plaintiff reasonable attorneys' fees and costs; and

E. Allow such other and further relief as the Court deems just and proper.

### COUNT VIII
*State Law Claim - Battery*
*Against Defendants John Doe and County of St. Louis*

82. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

83. Prior to Defendant John Doe's unlawful arrest of Plaintiff, another police officer employed by Defendant County of St. Louis forcefully pushed Plaintiff, causing him to stumble backwards.

84. In the course of Defendant John Doe's unlawful arrest of Plaintiff, Defendant John Doe intentionally threw Plaintiff to the ground, pushed his knee into Plaintiff's back while he was lying face down on the pavement, and forced Plaintiff into handcuffs behind his back.

85. Defendant John Doe intentionally and forcefully pushed Plaintiff against the pavement after he had been handcuffed.

86. Plaintiff did not consent to the unlawful offensive contact by Defendant John Doe or the other officer employed by Defendant St. Louis County.

87. Plaintiff sustained damages as a result of Defendant John Doe's intentional offensive contact with his person.

88. Defendant John Doe's actions were willful and wanton and showed a reckless indifference to the rights of others, including the rights of Plaintiff.

89. Defendant John Doe used more force than was reasonably necessary to arrest Plaintiff.

90. Defendant John Doe caused Plaintiff bodily harm.

91. Plaintiff found the physical contact offensive.

92. A reasonable person would find the physical contact offensive.

93. At all times relevant to this complaint, Defendant John Doe was acting within the scope and course of his employment with Defendant St. Louis County, and his actions were approved, consented to, and ratified by superior officers of the St. Louis County Police Department acting within the scope of their employment.

94. Defendant John Doe's actions were a direct and proximate cause of the physical harm and emotional pain suffered by Plaintiff.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendants;

    B. Award Plaintiff compensatory damages against Defendants John Doe and St. Louis County;

    C. Award Plaintiff punitive damages against Defendants John Doe and St. Louis;

    D. Award Plaintiff reasonable attorneys' fees and costs; and

    E. Allow such other and further relief as the Court deems just and proper.

# COUNT IX
*State Law Claim - Conversion*
*Against Defendants John Doe and County of St. Louis*

95. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

96. Plaintiff was the rightful owner of his camera, flash, film, and lenses.

97. Defendant John Doe tortiously took Plaintiff's camera, flash, film, and lenses following his arrest.

98. In the course of Defendant John Doe's unlawful arrest of Plaintiff, Plaintiff's camera, flash, and lens were damaged.

99. The damage inflicted by Defendant John Doe upon Plaintiff's camera, flash, and lens was so extensive that it permanently deprived Plaintiff of them.

100. Defendant John Doe refused to return Plaintiff's camera, flash, film, and lenses upon Plaintiff's demand.

101. Defendant John Doe's conduct was committed within the scope of his employment by Defendant St. Louis County, and his actions were approved, consented to, and ratified by superior officers of the St. Louis County Police Department acting within the scope of their employment.

102. Defendant John Doe's actions were a direct and proximate cause of the physical harm and emotional pain suffered by Plaintiff.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendants;

    B. Award Plaintiff compensatory damages against Defendants John Doe and St. Louis County ;

C. Award Plaintiff punitive damages against Defendants John Doe and St. Louis County;

D. Award Plaintiff reasonable attorneys' fees and costs; and

E. Allow such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, Missouri 63108
Phone: (314) 652-3114
Fax: (314) 652-3112
trothert@aclu-mo.org
gdoty@aclu-mo.org

GILLIAN R. WILCOX, #61278MO
ACLU of Missouri Foundation
3601 Main Street
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

ATTORNEYS FOR PLAINTIFF