**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Bilgin Şaşmaz, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.   4:14-cv-1901 ERW |
| v. | ) | |
| | ) | |
| County of St. Louis, Missouri, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY

In support of his motion for leave to conduct discovery before the time specified

by Federal Rule of Civil Procedure 26(d)(1), Plaintiff submits the following:

**I.      Background**

On November 10, 2014, 2014, Plaintiff filed this cause of action pursuant to 42

U.S.C. § 1983, alleging that Defendants engaged in unconstitutional conduct. (Doc. # 1).

The County of St. Louis, Missouri, waived service (Doc. # 3).

The other defendant has not been served.  He is denominated as "John Doe" in the

Complaint and is described as follows:

> Defendant John Doe, whose name is not known to
>
> Plaintiff, was a police officer with the County of St. Louis
>
> Police Department at all times relevant to this complaint.
>
> On or about August 19 and 20, 2014, Doe encountered

1

Plaintiff and interacted with him as described in this complaint. Doe is sued in his individual capacity only. (Doc. # 1 at ¶ 8).

Neither Plaintiff nor his counsel have been able to ascertain Doe's identity and, thus, they have been unable to effectuate service of process.

## II.   Argument

Plaintiff wishes to conduct limited discovery to ascertain the identity and whereabouts of Doe.

Federal Rules of Civil Procedure Rule 26(d)(1) specifies that, generally, a party may not seek discovery from any source before the required Rule 26(f) conference is held, but it contemplates that a party may take discovery on an expedited schedule if authorized by the court. *See* Fed. R. Civ. P. 26(d)(1). District courts have wide discretion in discovery matters and have allowed parties to conduct expedited discovery upon a showing of good cause for the requested departure from the usual discovery procedures. *Warner Bros. Records, Inc. v. Does, 1-6*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007) (citing *Ellsworth Associates, Inc. v. U.S.*, 917 F. Supp. 841 (D.D.C. 1996); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002)); *see also Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (collecting cases); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2046 ("Although [Rule 26(d)] does not say so, it is implicit that some showing of good cause should be made to justify [a court order authorizing expedited discovery], and courts presented with requests for immediate discovery have

frequently treated the question whether to authorize early discovery as governed by a good cause standard."). The "good cause" standard is also referred to as a "reasonableness" standard. *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008). Other courts "analyze a set of factors similar to those for obtaining a preliminary injunction." *Id.* The Eighth Circuit has not adopted either standard. *Id.*

Plaintiff cannot serve Doe without first learning his identity. Plaintiff cannot ascertain Doe's identity without conducting limited discovery. This constitutes good cause.

### III.    Conclusion

For these reasons, Plaintiff respectfully requests this Court grant him leave to conduct discovery limited to the subject of Doe's identity and whereabouts.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
ANDREW MCNULTY, #67138MO
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, Missouri 63108
Phone: (314) 652-3114
Fax: (314) 652-3112
trothert@aclu-mo.org
gdoty@aclu-mo.org

GILLIAN R. WILCOX, #61278MO
ACLU of Missouri Foundation
3601 Main Street
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

ATTORNEYS FOR PLAINTIFF

<u>Certificate of Service</u>

I certify that on March 2, 2015, a copy of the foregoing was served by first class mail on counsel for Defendant.

<u>/s/ Anthony E. Rothert</u>