**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

BILGIN SASMAZ,                               )
                                             )
      Plaintiff,                        )
                                             )          No. 4:14-cv-1901 ERW
v.                                           )
                                             )
COUNTY OF ST. LOUIS, et al.,                 )
                                             )
      Defendants.                       )

**ANSWER OF COUNTY OF ST. LOUIS, MISSOURI**
**TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant County of St. Louis, Missouri and for its Answer to Plaintiff's

Complaint states as follows:

*Introduction*

1.  The allegations in ¶1 are statements of law that do not require a response from Defendant.

*Jurisdiction and Venue*

2.  The allegations in ¶2 are statements of law that do not require a response from Defendant.

3.  The allegations in ¶3 are statements of law that do not require a response from Defendant.

4.  The allegations in ¶4 are statements of law that do not require a response from Defendant.

5.  The allegations in ¶5 are statements of law that do not require a response from Defendant.

6.  The allegations in ¶6 are statements of law that do not require a response from Defendant.

*Parties*

7.  Defendant has insufficient information to admit or deny the allegations in ¶7.

8.  Defendant has insufficient information to admit or deny the allegations in ¶8.

9.  Defendant denies that it is a municipal corporation, but admits that it is duly organized under
    the laws of the State of Missouri.

1

10. Defendant St. Louis County admits that it acted under color of law.  Defendant St. Louis County has insufficient information to admit or deny allegations directed toward any other defendant.

***Facts***

11. Upon information and belief, defendant admits the allegations in ¶11.

12. Defendant has insufficient information to admit or deny the allegations in ¶12.

13. Defendant has insufficient information to admit or deny the allegations in ¶13.

14. Defendant has insufficient information to admit or deny the allegations in ¶14.

15. Defendant has insufficient information to admit or deny the allegations in ¶15.

16. Defendant has insufficient information to admit or deny the allegations in ¶16.

17. Defendant admits that St. Louis County Police Officers told plaintiff to get out of the street. Defendant denies the allegation in ¶17 that are not specifically admitted.

18. Defendant denies the allegations in ¶18.

19. Defendant has insufficient information to admit or deny the allegations in ¶19.

20. Defendant denies the allegations in ¶20.

21. Defendant denies the allegations in ¶21.

22. Defendant has insufficient information to admit or deny the allegations in ¶22.

23. Defendant has insufficient information to admit or deny the allegations in ¶23.

24. Defendant admits the allegations in ¶24.

25. Defendant denies the allegations in ¶25.

26. Defendant denies the allegations in ¶26.

27. Defendant denies the allegations in ¶27.

28. Defendant has insufficient information to admit or deny the allegations in ¶28.

29. Defendant has insufficient information to admit or deny the allegations in ¶29.

30. Defendant denies the allegations in ¶30.

31. Defendant has insufficient information to admit or deny the allegations in ¶31.

32. Defendant admits that many Caucasian reporters and photographers reporting on the Ferguson protests were not arrested. ¶32.

33. Defendant admits that plaintiff was detained for four hours and fifty one minutes after his arrest on August 20, 2014.

34. Defendant denies the allegations in ¶34.

35. The allegations in ¶35 are statements of law that do not require a response from Defendant.

36. Defendant denies the allegations in ¶36.

37. Defendant denies the allegations in ¶37.

## COUNT I

38. Defendant incorporates its answers and responses to the allegations made in each preceding paragraph.

39. Defendant denies the allegations in ¶39.

40. The allegations in ¶40 are statements of law that do not require a response from Defendant.

41. Defendant denies the allegations in ¶41.

42. Defendant denies the allegations in ¶42.

## COUNT II

43. Defendant incorporates its answers and responses to the allegations made in each preceding paragraph.

44. The allegations in ¶44 are statements of law that do not require a response from Defendant.

45. Defendant denies the allegations in ¶45.

46. Defendant denies the allegations in ¶46.

47. Defendant denies the allegations in ¶47.

## COUNT III

48. Defendant incorporates its answers and responses to the allegations made in each preceding paragraph.

49. The allegations in ¶49 are statements of law that do not require a response from Defendant.

50. The allegations in ¶50 are statements of law that do not require a response from Defendant.

51. Defendant denies the allegations in ¶51.

52. Defendant denies the allegations in ¶52.

53. Defendant denies the allegations in ¶53.

**COUNT IV**

54. Defendant incorporates its answers and responses to the allegations made in each preceding paragraph.

55. Defendant denies the allegations in ¶55.

56. Defendant has insufficient information to admit or deny the allegations in ¶56.

57. Defendant has insufficient information to admit or deny the allegations in ¶57.

58. Defendant has insufficient information to admit or deny the allegations in ¶58.

59. Defendant denies the allegations in ¶59.

60. Defendant denies the allegations in ¶60.

61. Defendant denies the allegations in ¶61.

**COUNT V**

62. Defendant incorporates its answers and responses to the allegations made in each preceding paragraph.

63. Defendant denies the allegations in ¶63.

64. Defendant denies the allegations in ¶64.

65. Defendant denies the allegations in ¶65.

66. Defendant denies the allegations in ¶66.

67. Defendant denies the allegations in ¶67.

68. Defendant has insufficient information to admit or deny whether plaintiff intends to continue his career as a professional journalist photographing and reporting on newsworthy protests from public locations, including activities in St. Louis County.  Defendant denies each and every allegation in ¶68 that is not specifically admitted.

69. Defendant denies the allegations in ¶69.

## COUNT VI

70. Defendant incorporates its answers and responses to the allegations made in each preceding paragraph.

71. Defendant denies the allegations in ¶71.

72. Defendant denies the allegations in ¶72.

73. Defendant denies the allegations in ¶73.

74. Defendant denies the allegations in ¶74.

## COUNT VII

75. Defendant incorporates its answers and responses to the allegations made in each preceding paragraph.

76. Defendant denies the allegations in ¶76.

77. Defendant denies the allegations in ¶77.

78. Defendant has insufficient information to admit or deny the allegations in ¶78.

79. Defendant has insufficient information to admit or deny the allegations in ¶79.

80. Defendant has insufficient information to admit or deny the allegations in ¶80.  Defendant denies however that Defendant Doe violated any constitutional or statutory rights of plaintiff, or engaged in any tortious conduct.

81. Defendant denies the allegations in ¶81.

## COUNT VIII

82. Defendant incorporates its answers and responses to the allegations made in each preceding paragraph.

83. Defendant denies the allegations in ¶83.

84. Defendant denies the allegations in ¶84.

85. Defendant denies the allegations in ¶85.

86. Defendant denies the allegations in ¶86.

87. Defendant denies the allegations in ¶87.

88. Defendant denies the allegations in ¶88.

89. Defendant denies the allegations in ¶89.

90. Defendant denies the allegations in ¶90.

91. Defendant has insufficient information to admit or deny the allegations in ¶91, but defendant denies that any reasonable person would find the claimed physical contact offensive.

92. Defendant denies the allegations in ¶92.

93. Defendant has insufficient information to admit or deny the allegations in ¶93, but defendant denies, however that Defendant Doe violated any constitutional or statutory rights of plaintiff, or engaged in any tortious conduct.

94. Defendant denies the allegations in ¶94.

## COUNT IX

95. Defendant incorporates its answers and responses to the allegations made in each preceding paragraph.

96. Defendant has insufficient information to admit or deny the allegations in ¶96.

97. Defendant denies the allegations in ¶97.

98. Defendant denies the allegations in ¶98.

99. Defendant denies the allegations in ¶99.

100.    Defendant has insufficient information to admit or deny the allegations in ¶100.

101.    Defendant has insufficient information to admit or deny the allegations in ¶101, but defendant denies, however that Defendant Doe violated any constitutional or statutory rights of plaintiff, or engaged in any tortious conduct.

102.    Defendant denies the allegations in ¶102.

## <u>FURTHER ANSWERS AND AFFIRMATIVE DEFENSES</u>

1.  Further answering, Defendant County denies each and every allegation in Plaintiff's Complaint that is not specifically admitted.

2. Further answering the allegations in the Complaint fail to state a claim upon which relief may be granted for the reasons stated below.

3. Further answering, the allegations in Count V fail to state a claim upon which relief may be granted because plaintiff is not entitled to recover against John Doe or any employees of Defendant County as a matter of law.

4. Further answering, the allegations in Count V fail to state a claim upon which relief may be granted because plaintiff is not entitled to recover against John Doe or any employees of Defendant County as a matter of law because John Doe and all St. Louis County employees are entitled to qualified immunity because they did not violate any clearly established legal rights of the plaintiff of which they should have known.

5. Further answering, the allegations in Count VI fail to state a claim upon which relief may be granted because plaintiff has an adequate remedy at law for his claimed injuries/damages.

6. Further answering, the allegations in Count VI fail to state a claim upon which relief may be granted because there is no private cause of action for violations of the Missouri Constitutional provisions referenced in Count VI of the Complaint.

7. Further answering, Defendant St. Louis County is entitled to sovereign immunity with respect to the allegations in Count VI pursuant to §537.600 R.S.Mo.

8. Further answering, Defendant St. Louis County is entitled to sovereign immunity with respect to the allegations in Count VII pursuant to §537.600 R.S.Mo.

9. Further answering, with respect to the allegations in Count VII, police officers were justified in arresting plaintiff.

10. Further answering, with respect to the allegations in Count VII, plaintiff consented to his detention based on his conduct.

7

*11.* Further answering, with respect to the allegations in Count VIII, one of more St. Louis County police officers had probable cause to believe that plaintiff violated a law of the State of Missouri, or an Ordinance.

*12.* Further answering, Defendant St. Louis County is entitled to sovereign immunity with respect to the allegations in Count VIII pursuant to §537.600 R.S.Mo.

*13.* Further answering with respect to the allegations in Count VIII, plaintiff attempted to interfere with an ongoing arrest of another person and/or with police action when he had no right to do so, and one or more St. Louis County police officers had physical contact with plaintiff for the purpose of arresting plaintiff, and St. Louis County police officers used only such force as was reasonably necessary to arrest plaintiff.

*14.* Further answering, Defendant St. Louis County is entitled to sovereign immunity with respect to the allegations in Count IX pursuant to §537.600 R.S.Mo.

*15.* Further answering, by his words and conduct, defendant consented to the handling of his camera as alleged on Count IX.

*16.* Further answering, Plaintiff is not entitled to punitive damages against Defendant County as a matter of law under *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981) and *Chappell v. City of Springfield,* 423 S.W.2d 810 (Mo. 1968).

WHEREFORE, having fully answered, Defendant St. Louis County asks this Court to Dismiss Plaintiff's Complaint with prejudice, for costs, and for any other relief the Court deems appropriate.

PETER J. KRANE
COUNTY COUNSELOR


By:      /s/ Priscilla F. Gunn
Priscilla F. Gunn        #29729MO
Assistant County Counselor
Lawrence K. Roos Bldg.
41 So. Central Avenue
Clayton, MO. 63105
314-615-7042; Fax 314-615-3732
pgunn@stlouisco.com
Attorney for Defendant
St. Louis County

## CERTIFICATE OF SERVICE

A copy of the forgoing was served on all counsel of record through the Court's electronic filing system this 23rd day of March, 2015.